(No. 74-CC-0760—

HAKKI TAMIMIE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 31, 1979.** 

JAMES DRAKE, for Claimant.

WILLIAM J. SCOTT, Attorney General (DOUGLAS G. OLSON, Assistant Attorney General, of counsel), for Respondent.

---

* On September 10, 1980, the Court denied the petition for rehearing.

POCH, J.

Hakki Tamimie, Claimant, was a Research Scientist for the Department of Mental Health of Illinois at the Galesburg State Research Hospital. On November 16, 1969, the Claimant was notified of his impending termination to be effective January 1, 1970 and on January 1, 1970 the Claimant was laid off. Claimant returned to work on January 1, 1974, however, he was paid from current appropriation from July 1, 1973 through December 31, 1973.

The gross salary that Claimant would have earned from January 1, 1970 through June 30, 1973, less the vacation time previously paid, would amount to $49,861.36.

A judgment order issued by Judge Paul Verticchio of the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois, directed Albert Glass as Director of Personnel of the State of Illinois to reinstate Dr. Tamimie. This decision was appealed to the Appellate Court in *Tamimie v. Glass* (1973), 15 Ill. App. 3d 1, 303 N.E.2d 17, affirming Judge Verticchio's Circuit Court opinion reinstating the Claimant.

In 1970, during the time of his lay-off, the Claimant obtained a real estate broker's license and an insurance salesman's license, and for one five month period became the owner of a theatre in Kewanee, Illinois. He also applied for a position with three colleges during this period but was unable to receive a position with any of them.

The Claimant seeks recovery of gross wages lost from the period of January 1970, the time of the lay-off, through June 30, 1973, the time that the Appellate Court for the Fourth District ordered him returned to work, in

the sum of $49,861.36. Income tax records of Dr. Tamimie reveal income for the years 1970, 1971, 1972 and 1973 in the amount of $15,204.15. All of this income, except for $860.00 from unemployment compensation, was from insurance and real estate sales, in which the Claimant worked part time.

It is this Court's opinion that merely applying for three full time positions during a four year period of unemployment does not constitute a reasonable effort to mitigate the loss. Also, with Claimant's educational background in both insurance and real estate sales and brokerage that working only evenings and weekends during this period does not constitute reasonable effort to mitigate damages.

It is this Court's position that in view of the fact that Claimant did not take adequate steps to reasonably mitigate his loss, he is entitled to no compensation. This claim is therefore denied.